IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Terry Ray Wagner, <br><br> Plaintiff, <br><br> v. <br><br> Wexford Health Sources Inc., Dr. Hector Garcia, Dr. Stephen Ritz, Dr. Merrill Zahtz, Amber Allen, John Varga, Sonja Nicklaus, Dixon Correctional Center, <br><br> Defendants. | Case No. 3:20-cv-50080 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry Ray Wagner brings this action under 42 U.S.C. § 1983 seeking redress for alleged violations of his Eighth Amendment rights. He also brings a state law negligence claim. In this action, he names as defendants Wexford Health Sources ("Wexford"), Doctor Hector Garcia, Doctor Stephen Ritz, Doctor Merrill Zahtz, Amber Allen, Warden John Varga, Warden Sonja Nicklaus, and Dixon Correctional Center (DCC). Wexford and the individual doctors now move the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, that motion [63] is granted in part and denied in part.

**I.   Background**

The following allegations are taken from Wagner's third-amended complaint. Dkt. 22. On a motion to dismiss, the Court must accept these allegations as true.

1

*Vance v. Rumsfeld*, 701 F.3d 193, 196 (7th Cir. 2012). As an inmate at Dixon Correctional Center, Plaintiff Terry Wagner receives medical care from Wexford and its employees under its contract with the Illinois Department of Corrections. Wagner uses a C-Pap machine for sleep apnea. He constantly wakes up during the night and suffers from a dry nose, mouth, and throat, which causes him pain. At some point, Dr. Chamberlain recommended that Wagner be given a humidifier to use with his C-Pap, but Wexford declined to pay for it.[1] So, Wagner offered to pay for the humidifier himself, but Amber Allen—a healthcare administrator at DCC—denied the request. Dr. Zahtz then attempted to intervene, but Allen again denied the request. Undeterred, Dr. Zahtz sought collegial review within Wexford in another attempt to help Wagner. As the Seventh Circuit recently explained it, collegial review is Wexford's internal process within the corporate office to discuss and approve certain medical requests by onsite doctors on behalf of inmates. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 222–23 (7th Cir. 2021).

      As part of the collegial review, Drs. Garcia and Ritz reviewed Wagner's request for a humidifier and denied it. Dr. Lank then examined Wagner regarding the same complaints of dry nose, mouth, and throat from using a C-Pap without a humidifier.[2] She determined Wagner had significantly enlarged tonsils, so she recommended to collegial review that Wagner be seen by an outside specialist. That recommendation was denied. Dr. Lank then appealed the denial, and Wexford

---

[1] Dr. Chamberlain is not a named party to this suit. Dr. Chamberlain was previously the medical director.
[2] Dr. Lank is not a named party to this suit.

2

agreed to allow Wagner to be seen by an outside specialist at the University of Chicago (UIC), but not a local specialist. Because Wagner was required to wait for a UIC specialist, he was not seen for approximately five to six months. Eventually, Wagner was seen by the specialist at UIC, who determined that he needed two surgeries, which he then underwent in March 2019.

Notwithstanding the surgeries, the UIC specialist explained that Wagner needed the humidifier after the surgery, or he would endure significant pain. So, Wagner wrote letters to Drs. Zahtz, Ritz, and Garcia, but he received no responses. Although Wexford continued to deny Wagner a humidifier, Wagner alleges that it approved humidifiers for his fellow inmates Kasper and Pagsisihan. He further alleges that Amber Allen told him the humidifier was a comfort measure and security issue. Why providing a humidifier for Wagner was a security issue for him but not others is left unsaid.

## II. Analysis

Under Federal Rule of Civil Procedure 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the plaintiff's well-pleaded factual allegations, rather than any legal conclusions, must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809

3

(7th Cir. 2019). The Court draws all reasonable inferences from the facts in favor of the nonmovant. *Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "But the proper question to ask is still 'could these things have happened, not *did* they happen.'" *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010) (emphasis in original)).

## A. Eighth Amendment

The Eighth Amendment governs claims of constitutionally inadequate medical care by inmates serving prison sentences. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). To state a claim of inadequate medical care under the Eighth Amendment, an inmate must allege (1) an objectively serious medical condition, and (2) that the defendant was deliberate indifferent to that serious condition. *Id*. "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

First, Wagner's complaint does not state a claim against Dr. Zahtz. On the contrary, Wagner's allegations show that Dr. Zahtz was not deliberately indifferent to his medical needs. Dr. Chamberlain recommended that Wagner be treated with a humidifier, but he also noted that Wexford would not pay for it. After Amber Allen further refused to allow the humidifier regardless of funding, Dr. Zahtz attempted

4

to obtain it anyway, which was again refused by Allen. Even then, Dr. Zahtz contacted Drs. Ritz and Garcia as part of Wexford's internal collegial review process to attempt to get a humidifier for Wagner. They also denied the request. These allegations show that Dr. Zahtz advocated a particular course of treatment, the one Wagner wanted, but that course of treatment was refused by others. On these facts, which the Court must take as true, Dr. Zahtz was not deliberately indifferent to Wagner's needs, he was simply overruled. *See Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753-54 (7th Cir. 2002) (a plaintiff can plead itself out of court by including allegations that undermine a claim); *see also Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021) (explaining that deliberate indifference requires a mental state above gross negligence; the defendant must have ignored the known risk).

Wagner has stated claims against Drs. Ritz and Garcia, however. In support of the motion to dismiss Drs. Ritz and Garcia argue that Wagner's allegations are mere conclusions unadorned with sufficient factual allegations. They further contend that the allegations against them cannot amount to an Eighth Amendment claim because, in denying Wagner's requested humidifier, they were making a medical judgment and not exhibiting deliberate indifference. Dkt. 63, at 6–7. But this is the pleading stage, and Wagner need only allege facts sufficient to raise the plausible inference that Ritz and Garcia were deliberately indifferent.

At this stage, the allegations are enough. Wagner alleges that Ritz and Garcia, as part of the collegial review process, were aware of his need for a

5

humidifier, and that they denied it even though Dr. Zahtz made the request. Wagner further alleges that Dr. Lank subsequently requested, through the same collegial review process, to send Wagner to an outside specialist. Though that request was granted, the collegial review doctors required that he be sent to a UIC specialist instead of a local specialist, which resulted in five to six additional months of delay.³ After Wagner had surgery, the specialist explained that Wagner would experience significant pain without the humidifier. Wagner alleges that his letters to that effect were ignored. Though Wagner allegedly sent the same letters to Dr. Zahtz, his request had already been denied by Drs. Ritz and Garcia.

Drs. Ritz and Garcia protest that Wagner's allegations are too few and too conclusory to state a claim that they were deliberately indifferent. But their argument would amount to requiring that Wagner meet a heightened pleading standard under which he would be required to allege the how, what, where, and when of his claim. Fed. R. Civ. P. 9(b); *United States v. Molina Healthcare of Illinois, Inc.*, 17 F.4th 733, 739 (7th Cir. 2021) (explaining that heightened pleading under Rule 9(b) requires a plaintiff to plead the who, what, when, where, and how of the circumstances). Rule 8's pleading standard is easy to clear, according to the Seventh Circuit. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). At this stage, Wagner has sufficiently alleged deliberate indifference— that Ritz and Garcia ignored the consequences of a known and serious risk—by

---

³ Though Drs. Ritz and Garcia contend that Wagner did not specially name them as the collegial review doctors involved in the decision to make Wagner wait five to six months, the Court deems that a reasonable inference and accepts it as true. Discovery may prove the inference to be incorrect, but at this stage, Wagner's allegations are sufficient.

6

refusing Dr. Zahtz's request for a C-Pap humidifier notwithstanding Wagner's ongoing pain and in ignoring Wagner's letters regarding his post-surgery requirement. Indeed, the specialist noted that Wagner would suffer significant pain after surgery without the humidifier.

### B. *Monell*

Wagner also brings a claim directly against Wexford under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Monell* liability may exist in three circumstances: (1) the defendant employs an express policy that causes the constitutional injury, (2) the defendant has established a widespread practice that is so well settled that it constitutes a custom or usage, or (3) the defendant has final policymaking authority and has caused the constitutional injury. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Here, Wagner attempts to allege that a custom or practice was the moving force behind his alleged constitutional injury.

Though *Monell* provides a vehicle through which plaintiffs can seek redress for widespread customs that are the driving force behind a constitutional violation, *Monell* does not permit recovery on a theory of respondeat superior. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). This means that a plaintiff must allege more than a random event or an isolated incident. Though the Seventh Circuit has not adopted a bright-line rule regarding the frequency of the alleged conduct, it must be sufficiently widespread to constitute a custom that has the effect of a legitimate policy. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (requiring that the practice be "so widespread as to have the force of

7

law"); *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (explaining that "there is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, 'except that it must be more than one instance,' or even three") (internal citations omitted).

In this case, Wagner has not included any allegations sufficient to raise the plausible inference of a widespread custom or practice. Assuming that his allegations amount to an Eighth Amendment violation, he has alleged no more than an isolated incident. Indeed, the crux of Wagner's complaint is that he was provided inadequate medical care because the defendants ignored his need for a humidifier, which was causing him significant pain. But he also alleges that other inmates were allowed to have humidifiers. Dkt. 22, ¶¶ 35–36. Thus, his conclusory allegation that Wexford maintained a policy and practice of denying necessary humidifiers cannot be enough to state a claim under *Monell*.

Wagner adds an allegation that the delay in his treatment was due to Wexford's desire to cut costs. Dkt. 22, ¶¶ 49–50. The conclusory allegation is unsupported, however, and leaves the Court to speculate how a University of Chicago specialist is cheaper than a local specialist in Dixon, Illinois. *Richards v. Wexford of Indiana. LLC*, No. 20-2567, 2021 U.S. App. LEXIS 31545, at 12–13 (7th Cir. Oct. 20, 2021) (dismissing a *Monell* claim regarding an alleged cost-cutting policy as speculative and unsupported). Thus, the Court dismisses Wagner's *Monell* claim. The dismissal is without prejudice, however, and Wagner may amend by May 13, 2022, if he believes these errors can be repaired.

### III. Conclusion

For the foregoing reasons, the motion to dismiss [63] is granted in part and denied in part. The case will proceed against Drs. Garcia and Ritz. Wagner's *Monell* claim against Wexford Health Sources is dismissed without prejudice. Wagner may amend his complaint by May 13, 2022, if he believes the errors explained above can be repaired. Wagner's Eighth Amendment claim against Dr. Zahtz is dismissed without prejudice. If discovery reveals that Dr. Zahtz was personally involved in a constitutional injury, then Wagner may amend his complaint to re-add Dr. Zahtz to that claim. If Wagner chooses to do so, however, he must amend before the close of fact discovery. Furthermore, because Wagner's Eighth Amendment claim proceeds, the Court will exercise supplemental jurisdiction over his state law negligence claim, which proceeds against all defendants.

Date: April 21, 2022

_____
Honorable Iain D. Johnston
United States District Judge